THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BLUE BAKING CO., INC., Appellant.— Judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of violating subdivision 5 of section 139 of the Sanitary Code of the City of New York, unanimously affirmed. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH A. CUTRONE, Appellant.— Judgment of the County Court, Queens County, convicting appellant of the crime of attempted burglary in the third degree as a second offender, reversed on the law and the facts and a new trial ordered. A statement made by a codefendant, who did not testify on the trial, admitting participation in the crime charged and implicating the appellant, was admitted in evidence under proper instructions that the statement was binding only upon the one who made it. The court in its charge, however, urged the jury to consider the statement in determining the guilt or innocence of the appellant. This was done directly. The court pointed out that the appellant had denied participation in the attempted burglary and continued " but you have heard the written statement of the defendant Belardinelli read to you, and you are familiar with its contents. Cutrone denies being in on the job." The court further charged " Consider also what you have heard read to you and what you have seen, with a view to determining the guilt or innocence of these two defendants." The law with respect to corroboration of testimony of an accomplice was charged (Code Crim. Pro., § 399), although inapplicable, and the jury were told that they could not use the statement of the codefendant in any reference that it had to appellant " unless " they found from certain cited items of evidence " whether or not there is other evidence which is of a corroborative nature, which tends to connect Cutrone with the commission of this crime. Unless you find that that is so, you must disregard any reference to Cutrone in the written statement of Belardinelli." This was error. (*People* v. *Vitucci,* 266 App. Div. 1013.) Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM THOMAS, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of a violation of section 1140 of the Penal Law and sentencing him to pay a fine of $100 or to serve a term of thirty days in jail, and an additional term of imprisonment of six months, execution of which latter term was suspended. Judgment unanimously affirmed. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ.

RAILROAD FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant, v. MAY RAMSAY et al., Defendants, and KATHLEEN M. CARR et al., Respondents.— In an action to foreclose a mortgage on real property, order granting respondents' motion for summary judgment dismissing the complaint, pursuant to rule 113 of the Rules of Civil Practice unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ.